UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CHERWALK,

    Plaintiff,

v.                                                                         Case No. 15-12796

ASSET ACCEPTANCE, LLC, and                   HON. AVERN COHN
LAW OFFICES OF MICHAEL R. STILLMAN
d/b/a STILLMAN LAW OFFICE,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR DISQUALIFICATION OF DEFENSE COUNSEL (DOC. 26) AND STAYING THE CASE

**A.**

This is a Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, et seq. (FDCPA), and Michigan Regulation of Collection Practices Act, M.C.L. § 445.251, et seq. (RCPA), case. Plaintiff Richard Cherwalk (Cherwalk) is suing Defendant Law Offices of Michael B. Stillman d/b/a Stillman Law Office (Stillman)[1] seeking statutory and actual damages sustained for repeated violations of both the FDCPA and RCPA during Stillman's pursuit of a state debt collection claim filed beyond the statute of limitations. (Doc. 1). Stillman is currently represented by Monica Hunt, a Stillman attorney who signed and verified court papers in the underlying debt collection case.

Now before the Court are three individual, but related, motions:

(1) Cherwalk's Motion for Disqualification of Defense Counsel (Doc. 26);

(2) Stillman's Motion to Quash Notice of Deposition of Monica Hunt (Doc. 22);

and

---

[1] On January 11, 2016, Defendant Asset Acceptance, LLC was dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a). (Doc. 25).

1

(3) Cherwalk's Motion to Compel Requests for Production of Documents and Deposition of Monica Hunt and Mimi Kalish. (Doc. 28).

**B.**

On March 7, 2016, the Court held a hearing on the motions. For the reasons stated on the record and pursuant to M.R.P.C. $3.7^2$, $1.7^3$, and $1.10^4$:

(1) Cherwalk's Motion for Disqualification of Defense Counsel (Doc. 26) is GRANTED;

(2) Stillman's Motion to Quash Notice of Deposition of Monica Hunt (Doc. 22) is STAYED;

(3) Cherwalk's Motion to Compel Requests for Production of Documents and Deposition of Monica Hunt and Mimi Kalish (Doc. 28) is STAYED.

Proceedings are STAYED for twenty-one days to enable Stillman to get legal representation.

SO ORDERED.

                                                   s/Avern Cohn
                                                   AVERN COHN

Dated: March 10, 2016                      UNITED STATES DISTRICT JUDGE
Detroit, Michigan

---

[2] M.R.P.C. 3.7(a): A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

[3] M.R.P.C. 1.7(b): A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests unless: (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after consultation.

[4] M.R.P.C. 1.10(a): While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7...