UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CHERWALK,

    Plaintiff,

v.    Case No. 15-12796

LAW OFFICES OF MICHAEL R. STILLMAN    HON. AVERN COHN
d/b/a STILLMAN LAW OFFICE,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO QUASH NOTICE OF DEPOSITION OF MONICA HUNT (DOC. 22) AND GRANTING PLAINTIFF'S MOTION TO COMPEL REQUESTS FOR PRODUCTION OF DOCUMENTS AND DEPOSITION OF MONICA HUNT AND MIMI KALISH (DOC. 28).

**A.**

This is a Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, et seq. (FDCPA), and Michigan Regulation of Collection Practices Act, M.C.L. § 445.251, et seq. (RCPA), case. Plaintiff Richard Cherwalk (Cherwalk) is suing Defendant Law Offices of Michael B. Stillman d/b/a Stillman Law Office (Stillman)[1] seeking statutory and actual damages sustained for repeated violations of both the FDCPA and RCPA during Stillman's pursuit of a state debt collection claim filed beyond the statute of limitations. (Doc. 1).

On March 10, 2016, the Court granted Cherwalk's Motion to Disqualify Defense Counsel. (Doc. 35). Stillman thereafter retained new counsel. (Doc. 36).

Now before the Court are two motions:

(1) Stillman's Motion to Quash Notice of Deposition of Monica Hunt (Doc. 22);

    and

---

[1] On January 11, 2016, Defendant Asset Acceptance, LLC was dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a). (Doc. 25).

1

(2) Cherwalk's Motion to Compel Requests for Production of Documents and Deposition of Monica Hunt and Mimi Kalish[2]. (Doc. 28).

**B.**

**1.**

The basis for Stillman's Motion to Quash centers around the fact that Monica Hunt (Hunt) was representing Stillman as its defense counsel. In its papers, Stillman said deposing Hunt would chill the attorney-client relationship and the information sought from Hunt could be obtained from other sources at Stillman. However, because Hunt no longer represents Stillman, there is no longer a concern about protecting the attorney-client privilege. If any question impinges on the privilege, an objection can be raised during the deposition. Further, Hunt's testimony is necessary and relevant, because she played an active role in the underlying state lawsuit.

**2.**

Cherwalk's Motion to Compel raises three issues. First, Cherwalk seeks to compel production of Stillman's Collection Law Advocates Attorney Review Policy. In response to a request for production of "all internal policies and procedures…that are used to avoid filing lawsuits at a date beyond the applicable statute of limitations," Stillman produced an attorney review policy manual that went into effect after the underlying case was filed. The manual Stillman produced was redacted but for one paragraph. Stillman's Collection Law Advocates Attorney Review Policy is relevant and discoverable, because the firm is asserting a bona fide error defense. Cherwalk is entitled to review the policies, procedures, and any manuals used to set office

---

[2] Mimi Kalish (Kalish) is an attorney at Stillman who represented former co-defendant Asset against Cherwalk in the debt collection case.

2

standards and protocols for collection cases. Stillman's disclosure of one un-redacted paragraph of a 20 page policy is inadequate. If there are relevant redactions, a redacted version shall be submitted to the Court for an in camera review.

Second, Cherwalk's motion seeks to compel disclosure of the insurance agreement between Stillman and its insurer. Disclosure of such an agreement is required under Fed. R. Civ. P. 26(a)(1)(A)(iv)[3].

Third, Cherwalk seeks to compel the depositions of Hunt and Kalish. Hunt and Kalish's testimony is arguably relevant to determine their knowledge, intent, and conduct, as well as the procedure that was used, or not used, to persist in the collections case against Cherwalk. Both Hunt and Kalish have been directly involved in the underlying case. Requiring Hunt and Kalish's deposition does not affect the attorney-client privilege except as it may apply to a particular question. If such is the case, an objection can be made at the deposition.

## C.

For the reasons state above, Stillman's Motion to Quash Notice of Deposition of Monica Hunt (Doc. 22) is DENIED and Cherwalk's Motion to Compel Requests for

---

[3] Fed. R. Civ. P. 26(a)(1)(A)(iv): Duty to Disclose; General Provisions Governing Discovery. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties… for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

3

Production of Documents and Deposition of Monica Hunt and Mimi Kalish (Doc. 28) is GRANTED.

SO ORDERED.

Dated: April 11, 2016  
Detroit, Michigan

s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE